## KNOX *v.* GADDIS.

CLOUD ON TITLE; LACHES; PROOF OF TITLE; EQUITY.

1. A bill in equity by the holder of the record title of real estate to re-move a cloud created by a tax deed over forty years old is not maintainable, in the absence of testimony explaining the delay in attempting to remove such cloud, because of the laches on the part of the complainant or those under whom he claims.
2. The fact that the real estate described in such a bill was assessed in the name of the person under whom the complainant claims, seventy-five years prior to the filing of the bill, is not sufficient to prove title in such person, when the complainant is put to proof of his title by the answer of the defendant.
3. A complainant in equity seeking the vacation of an irregular tax sale and tax deed as a cloud upon his title, must offer to reimburse the purchaser at the tax sale, or the holder of the tax deed, for the taxes paid by him, with interest and costs.

No. 70.    Submitted October 5, 1893.—Decided November 6, 1893.

HEARING on an appeal by the complainant from a decree of an equity term of the Supreme Court of the District of Columbia, dismissing a bill to remove a cloud upon the title of certain real estate. *Affirmed.*

THE COURT in its opinion stated the case as follows:

This is a suit in equity to remove a cloud on title, caused, as it is alleged, by a tax deed irregularly and illegally granted.

Carrie E. T. Knox, the appellant, who was also the com-plainant, filed her bill of complaint in the Supreme Court of the District of Columbia, in which she alleged that she was the owner, and now in possession of lots 7 and 8, in square 1057, in the city of Washington, D. C.; that on the 13th day of December, 1846, the corporate authorities of the city of Washington, for taxes due to the city for the five preceding years, 1841, 1842, 1843, 1844, and 1845, caused the said lots to be sold; that one John M. Young became the purchaser, and received a deed therefor from the mayor of the city on the 15th day of May, 1849; that on account of insufficient

advertisement and failure of the collector of taxes to make report of the sale to the recorder of deeds, as required by law, the sale was invalid and the deed was void; and that the defendant claimed title from John M. Young. And the prayer of the bill was that the sale and deed should be declared void, and that the defendant should be enjoined from setting up title to the property.

The defendant in her answer denied the complainant's title, and asserted title in herself by adverse possession. She denied knowledge of the alleged irregularities complained of, and asserted that, on December 23, 1819, there was a sale of the property, which at that time was assessed in the name of Henry Moscropp, for default in the payment of the taxes for the years from 1815 to 1819, inclusive, at which sale one G. C. Grammar was the purchaser, who afterwards received from the city a deed for the property. Soon afterwards, as she alleges, her ancestors entered into adverse possession of the property under a deed of conveyance to them from Grammar; and on December 15, 1846, the lots were again sold for the taxes of the years from 1841 to 1845, both inclusive, and her ancestor, John M. Young, became the purchaser, being then in adverse possession of the property, and received a deed from the corporation on May 15, 1849. The defendant's title from John M. Young was in consequence of deeds of partition of his estate by his heirs, of whom she was one, which deeds were executed in 1875, Young having died in 1873. It was also shown in the defendant's answer that the complainant had acquired title in 1889, by deed of conveyance purporting to convey any interest which the grantor therein had in said lots and other lots in the city of Washington.

Testimony was taken on both sides. The complainant offered proof tending to show the irregularities complained of in regard to the tax sale of 1846. The failure of the collector to report to the recorder of deeds was also shown. Evidence was also offered of a chain of conveyances by which, apparently, the title of Henry Moscropp, to whom the

land was assessed in 1819, became vested in the complainant. In this connection, also, an equity suit, No. 11,928, in the Supreme Court of the District of Columbia, between one S. Vernon Mann, guardian of Edith V. Mann, as complainant, and William A. Onderdonk and others as defendants, was introduced in evidence in this cause. But as neither the record nor any copy of it is filed here, and we are not advised by the brief of counsel or in any other manner whatever of the contents of that suit, or of its relevancy as evidence in this case, we are compelled to ignore it. There was also proof of an inclosure of the property in recent years by John H. Walter, one of the grantors of the complainant.

On the part of the defendant, testimony was adduced to show occupation and inclosure of the property by those under whom she claimed as far back as about 1830, and thence on until 1862 or 1863, when the house that stood on the property was burned. It would seem that thereafter the property was left vacant, until the inclosure by Walter, already mentioned, some time, it would seem, in 1888. But for reasons which will be apparent, we deem it unnecessary to enter into any detailed statement of this testimony.

At the hearing the Supreme Court of the District of Columbia, in special term, dismissed the bill; and from the decree of dismissal the present appeal to the General Term was taken, which has been transferred to us under the law. We are not advised of the grounds of the decision.

*Mr. William B. Todd* and *Mr. J. J. Johnson* for the appellants:

1. The lots described in the bill were sold in bulk and purchased at the tax sale by Grammar for the aggregate sum of $7.50. Such a sale is absolutely void. Each lot should have been advertised and sold separately, and if any one of the lots sold for enough to pay the whole of the taxes assessed against all three of the lots, the sale as to the other lots should have ceased. *Walker* v. *Moore*, 2 Dill., 156; *Wallingford* v. *Fiske*, 24 Me., 256; *Hayden* v. *Foster*, 13

Pick., 492; *Woodburn* v. *Weisman*, 27 Pa. St., 18; *Rankin* v. *Miller*, 43 Iowa, 11; Cooley on Taxation, 494; *Mason et al.* v. *Fearson*, 9 How., 125. The collector should not sell any unlimited quantity of land to pay the taxes, but only so much as is sufficient to pay the taxes and charges, and this rule is equally binding as if it were an express enactment. *Margroff* v. *Cunningham*, 57 Md., 585; *Dyler* v. *Boswell*, 39 Md., 465; *Earty* v. *Doe*, 16 How., 610.

2. It is in proof in this cause that the collector made no report of the sales of the lots in question to, or filed with, or recorded in the office of the Recorder of Deeds for the District of Columbia, as required by the act of Congress, approved February 20, 1819, and re-enacted in Section 175 of the Revised Statutes relating to the District of Columbia; his failure, therefore, to comply with the provision of the law renders said sale absolutely void. *King* v. *The District of Columbia*, McArthur & Mackey's R., p. 36; *Morton* v. *Reed*, 9 Mo., 878; Cooley on Taxation, p. 366; *Beale* v. *Brown*, 6 Mackey, 579.

3. Superadded to the gross irregularities in said sale as above stated, it further appears in evidence that in said advertisement of the lots in suit, no sign of dollars or cents ($ or c.) or anything to designate the amount of the taxes on the lots in dollars and cents for each year for which the lots were advertised and attempted to be sold. The omission of the dollar mark in the advertisement of the notice of sales is such an irregularity as to render all the proceedings void; the use of the numerals, say the Supreme Court, without some mark indicating for what they stand is insufficient. *Bessinger* v. *The District of Columbia*, 6 Mackey, 285; *Walker* v. *The District of Columbia*, 6 Mackey, 355; *McClellan* v. *The District of Columbia*, 18 D. C., 95; *Coombs et al.* v. *O'Neal*, 1 McA., 409; *Woods* v. *Freeman*, 1 Wall., 398.

4. In suits to set aside tax deeds as clouds on the title, the allegation that the plaintiff is seized in fee simple is a sufficient allegation that he has possession as well as the title.

*Gage* v. *Kaufman,* 133 U. S., 725. And upon general principles, as the tax deeds appear upon their face to be clouds upon the title,. a bill in equity is the proper form of obtaining relief.

5. A purchaser at a tax sale does so with full knowledge of the risk that he is running, and the law makes it obligatory upon him to know whether the tax title is good or not. *Caveat emptor*.applies to just such purchasers as this case shows. *Keefe* v. *Bramhall,* 3 Mackey, 551. And the recording a void deed, and paying taxes on the property, are not acts amounting to adverse possession. *Keefe* v. *Bramhall,* 3 Mackey, 551.

*Mr. James Hoban* for the appellee.

1. The appellant seeks to set aside as a cloud on title, a tax deed which is not even *prima facie* evidence of the regularity of the proceedings culminating in the deed, and which cannot, the appellant claims, give color to an adverse possession. A court of equity will not grant such relief. *Scott* v. *Hyde,* Wash. Law Rep. (Mch.), 16, 1893 ; *Dows* v. *Chicago,* 11 Wall., 108 ; *Hannewinkle* v. *Georgetown,* 15 Wall., 547.

2. Appellant has not proved title or possession necessary to maintain her bill. The record in equity cause No. 11,928, in the Supreme Court of the District, offered in evidence by her, shows that she purchased a bad title on speculation and is not entitled to the relief she seeks. *Orton* v. *Smith,* 18 How., 263. Appellant is bound by said record as though a party to it. *Kneeland* v. *Am. Loan & Trust Co.,* 136 U. S., 89. Appellant is also estopped by said record. *Hall* v. *Haun,* 5 Dana (Ky.), 55 ; 13 How., 307.

3. The appellant cannot obtain the relief sought because of laches. *Walker* v. *Ray,* 111 Ill., 321 ; 82 Va., 507.

4. Appellee claims through John M. Young, who, while in adverse possession of the property in question, purchased the same at a sale for taxes. A written instrument is not necessary as a color of title. *Kauffmann* v. *Bramhall,* 3

Mackey, 551; 60 Missouri, 520; 13 Conn., 227; *Pillow* v. *Roberts*, 13 How., 472. As to purchase of tax-title by adverse possessor: *Hayes* v. *Martin*, 45 Cal., 459; *Ridgeway* v. *Holliday*, 59 Mo., 444; *Omaha, etc., Co.* v. *Hansen*, 32 Neb., 449; Black on Tax Titles, Ed. 1888, Sec. 137.

Mr. Justice MORRIS delivered the opinion of the Court:

Upwards of forty years elapsed between the time when the deed mentioned in the bill of complaint was placed on record and the time of the institution of this suit; and no explanation whatever is given of the long delay to remove the alleged cloud. The court might probably take judicial notice of the fact that during nearly all these forty years the land in question was of little value; and that, at the end of that period, with much other property in the city of Washington, it became suddenly and greatly enhanced in value. But this affords no sufficient excuse and no legal justification for the apparent laches of the owners of the record title to the property, who must necessarily have had notice of the tax sale and the tax deed, and in all probability even of the adverse occupancy of the property.

But apart from the question of laches, there are two fatal defects in the complainant's case. In the first place, she is put upon proof of her title by the defendant's answer, and she fails to prove it. She proves, probably, with sufficient accuracy, that she holds the title which Henry Moscropp had in 1819; but there is nothing in the record to show what the title of Henry Moscropp was, or whether he had any title at all. The allegation that the property was assessed in his name is not sufficient to show title of any kind. The property might have been so assessed, and yet his title, so far as we know from this record, might have been no better than the complainant claims that of John M. Young to have been.

In the second place, it is a fundamental and familiar principle of equity jurisprudence that he who seeks equity must do equity; and there can be no better application of the maxim than the case in which a person seeks to vacate a tax

sale as irregular and a tax deed as a cloud upon title, without offering to reimburse to the purchaser at the tax sale or the holder of the tax deed the taxes paid by him, with all proper interest and costs. No such offer is made here. The complainant virtually seeks to get rid of the incumbrance, and at the same time to have the benefit of the taxes paid by the defendant and those under whom the defendant claims. This is not equity. The removal of a tax deed as a cloud on title is the equivalent of redemption from a lien through the processes of a court of equity; and the redemption cannot be allowed without an offer of readiness on the part of the person seeking to redeem to do what ordinary fairness requires from him.

We are of opinion, therefore, that the bill of complaint in this case was properly dismissed; and consequently the decree of the Supreme Court of the District of Columbia in special term must be *affirmed, with costs.*